A04A1566. CORBIN v. THE STATE.
(602 SE2d 211)

ELLINGTON, Judge.

A Tattnall County jury convicted Ronnie Corbin of aggravated assault following his attack on a prison guard while he was incarcerated at Reidsville State Prison.[1] This Court affirmed Corbin's conviction on appeal, but remanded the case to the trial court to consider Corbin's claim of ineffective assistance of counsel. *Corbin v. State*, 240 Ga. App. 788, 791 (4) (525 SE2d 365) (1999). On remand, the trial court conducted a hearing and held that Corbin failed to demonstrate ineffective assistance. Corbin appeals the court's order, and we affirm.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the

---

[8] Id.
[1] The jury found that Corbin had thrown some hot liquid into the face of a prison guard after the guard asked him to turn down his radio.

trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous.

(Citations omitted.) *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001).

On appeal, Corbin contends the trial court erred in finding that trial counsel had provided effective assistance, arguing that counsel failed to prepare for trial, call defense witnesses, or present a defense that would have resulted in his acquittal. These contentions are without merit.

At the motion hearing, trial counsel testified that he had extensive experience as a criminal defense attorney and that he spoke with Corbin several times before trial. Counsel conducted legal research on the charge and possible defenses, filed numerous pre-trial motions, and interviewed witnesses to the incident and hospital personnel who treated the guard. Counsel also testified that the facts of the case were fairly simple and that he did not find any evidence that indicated Corbin did not commit the crime. He denied that he withheld any information that was beneficial to Corbin's case. Further, counsel testified that he met with Corbin to determine if there were any potential defense witnesses, but Corbin failed to identify anyone who could help with his case.[2] Corbin did not testify or present any other evidence at the motion hearing.

We find the trial court's conclusion that Corbin failed to demonstrate counsel's deficient performance is supported by the record. Therefore, the court did not err in denying Corbin's motion for new trial based upon ineffective assistance of counsel. *Chapman v. State*, 273 Ga. at 350 (2); *Young v. State*, 245 Ga. App. 684, 686 (2) (538 SE2d 760) (2000).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 9, 2004.

---

[2] In fact, Corbin has never identified a single defense witness that counsel could have called to testify on his behalf. Therefore, Corbin failed to show how he was harmed by counsel's failure to call defense witnesses. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995) (absent a proffer of the uncalled witnesses' testimony, it is impossible for appellant to show that the witnesses' testimony would have been favorable and that there is a reasonable probability the outcome of the trial would have been different if that testimony had been presented).

*Samuel G. Oliver*, for appellant.

*Tom Durden, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.