## A04A1463. SCOTT v. THE STATE.
(602 SE2d 893)

MIKELL, Judge.

A jury convicted Milton Scott of aggravated assault, false imprisonment, and simple battery. The court sentenced him to eight years in confinement and twelve years on probation. Scott appeals the denial of his motion for new trial, and in his sole enumeration of error, argues that the evidence was insufficient to support his convictions for aggravated assault and false imprisonment. We disagree and affirm the convictions.

Viewed in the light most favorable to the jury's verdict, the record shows that during a Memorial Day cookout on May 27, 2002, Scott and his girlfriend, Sheila Harris, began arguing. Scott became angry, struck Harris several times in the face, kicked and kneed her, and forced her into her car. Harris attempted to jump out of the car, but each time Scott forced her back in. During one attempt, Harris fell to the ground and Scott drove over her left leg. Harris testified that she eventually stopped trying to escape and remained in the car because Scott said he would kill her. Scott eventually drove off. When they reached a red light at a busy intersection, Harris jumped out of the car and began running. Scott chased Harris and "bumped" her with the car. Harris jumped into a white pickup truck waiting at the light.[1] Scott chased Harris on foot and tried to pull her out of the pickup

---

[9] Id.
[10] Id.
[1] The driver of the white pickup truck drove Harris into a nearby parking lot and then left the scene. He was never identified.

truck. Harris testified that she was able to fight Scott off and that he eventually left in her vehicle. Harris was taken to the hospital and treated for her broken ankle and other injuries. Scott was indicted for aggravated assault with a motor vehicle, aggravated battery, and kidnapping with bodily injury.

At trial, Officer Roger Hulsey of the Macon Police Department testified that when he arrived on the scene, Harris was covered in blood. Harris told Officer Hulsey that Scott hit her and forced her into the vehicle and then ran over her with the vehicle.

Gregory Durham, an eyewitness, testified that he saw Harris jump out of her car and start running and that Scott tried to chase her down and run over her with the car; Durham could not say whether the car hit Harris. Harris fell to the ground, and Scott jumped out of the car and began hitting Harris. Harris then jumped into a white truck which drove into a parking lot. Harris jumped out of the white truck and began screaming. Durham testified that Harris was crying and that she had blood on her face and clothes. He also stated that she was hopping.

Reverend Jimmy Williams, a second eyewitness, testified that he observed a green Ford Explorer chasing Harris. Harris kept running and jumped into a white truck. Williams then saw Scott come over to the white truck and punch Harris. Williams testified that Harris had blood on her face and clothes and that she was limping. Williams identified Scott as the man who punched Harris.

At trial, Scott denied hitting, kicking, or kneeing Harris at her residence. He testified that Harris pushed and slapped him and then hit him with a beer bottle. Scott also denied hitting Harris with her vehicle, but admitted to striking her while trying to pull her out of the pickup truck.

Scott contends that the evidence was insufficient to support his convictions for aggravated assault and false imprisonment. Scott does not explain how the evidence was insufficient, but merely states that the elements of each conviction were not proven beyond a reasonable doubt. This argument is without merit.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [Scott] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the [s]tate's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted,

to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Grier v. State,* 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

a. "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). Here, Harris testified that she stopped resisting Scott and got into her car in order to keep him from hitting her. Harris also testified that she was afraid that if she did not get in the car with Scott, he would kill her. The two eyewitnesses testified that Harris was crying and bleeding after the ordeal. From this evidence, a jury could find that Scott deprived Harris of personal liberty by confining and detaining her without legal authority to do so. See *Laredo v. State,* 253 Ga. App. 155, 157 (1) (558 SE2d 742) (2002); *Grier,* supra.

b. A person commits the offense of aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). "Although an automobile is not a deadly weapon per se, it may become one depending upon the manner in which it is used." (Footnote omitted.) *Frayall v. State,* 259 Ga. App. 286, 287 (1) (576 SE2d 654) (2003). See also *Bogan v. State,* 249 Ga. App. 242, 243 (1) (547 SE2d 326) (2001). The question of whether an automobile has been used so as to constitute a deadly or offensive weapon is a matter for the jury. See *Frayall,* supra; *Reynolds v. State,* 234 Ga. App. 884, 886 (1) (b) (508 SE2d 674) (1998). Harris testified that Scott ran over her leg with her vehicle, breaking her ankle. She also testified that Scott "bumped" her with the vehicle. Even though the eyewitnesses did not see Scott hit Harris with the vehicle, they saw Scott chase Harris with the vehicle and then observed Harris limping and hopping. The evidence here was sufficient to enable the jury to find Scott guilty of the offense of aggravated assault beyond a reasonable doubt.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2004.

*Shannon Williams,* for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney,* for appellee.