A05A1834. WOODS v. THE STATE.
(620 SE2d 660)

BLACKBURN, Presiding Judge.

Following a jury trial that resulted in his convictions for possessing cocaine and abandoning a controlled substance in a public place, Michael Anthony Woods appeals his convictions, challenging the sufficiency of the evidence. Woods also appeals the trial court's sentencing order with respect to the Fourth Amendment waiver contained therein. For the following reasons, we affirm the convictions and sentencing order.

> The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia*.[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State*.[2]

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

So viewed, the evidence at trial shows that on August 11, 2003, Agents Doug Matthews and Jeremy Grindle, members of the Hall County Multi-Agency Narcotics Squad (MANS), were conducting a patrol in an unmarked car in the area of 958 Black Drive. The area was well known for crack cocaine distribution, and the MANS had made numerous drug arrests at that particular address. Each agent wore street clothes and carried a gun and badge at his hip.

As they drove down the street, the agents saw Woods and an unidentified man talking in an empty residential lot beside 958 Black Drive. The agents pulled into the driveway, and the unidentified man walked away. Woods nodded and waved at the agents and began walking toward their car. Woods was holding a beer in one hand and the other hand was clenched shut. Agent Grindle testified that in his two years of undercover experience buying crack cocaine in the area, "most of the time crack cocaine sellers carry the crack cocaine in their hand. In case they observe the police, they can throw the items down."

To conceal his identity as a law enforcement officer, Agent Grindle removed his badge and gun and exited the passenger side of the vehicle. As Woods continued walking toward Agent Grindle, Agent Matthews exited the driver's side of the car while still wearing his badge and gun. As Agent Matthews's badge and gun came into Woods's view, Woods immediately turned away from Agent Grindle, walked one or two steps toward a trash barrel, and made a throwing motion with his clenched hand toward the trash barrel. The agents immediately ran to Woods and placed him on the ground.

After the agents secured Woods, Agent Matthews looked inside the trash barrel, which was full. On top of a discarded food container, Agent Matthews found two pieces of crack cocaine, and on the ground beside the barrel, he found a third piece. Agent Grindle asked Woods his name, and Woods identified himself as Michael Anthony Johnson. After talking to a bystander, Agent Matthews asked Woods what his real name was, and Woods replied that it was Michael Anthony Woods.

Woods was charged with possession of cocaine, abandonment of a controlled substance, and giving a false name to a law enforcement officer. Woods testified at trial that he did not possess the crack cocaine found in and around the trash barrel. After a jury returned a guilty verdict as to all three charges, the trial court sentenced Woods to prison, followed by probation.

1. Woods contends that the evidence was insufficient to support his conviction for possession of cocaine. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Whether the evidence in this case is "sufficient to exclude every

reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury." (Punctuation omitted.) *Grier v. State.*[3] Here, Woods's clenched fist and throwing motion toward the trash barrel, combined with the immediate discovery of the cocaine on top of and near the barrel, authorized the jury to find Woods guilty of possession of cocaine. See id.

2. Woods also contends that the evidence did not support his conviction for abandonment of a controlled substance, because, he argues, he did not abandon the cocaine in a public place. OCGA § 16-13-3 provides: "Any person who shall abandon, in a public place, any dangerous drug, poison, or controlled substance as defined by Article 2 or Article 3 of this chapter shall be guilty of a misdemeanor." For purposes of Title 16, the term "public place" is defined at OCGA § 16-1-3 (15): "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." See *Ridley v. State*[4] (reviewing cases in this area and holding that the defendant's yard was a "public place" for purposes of public drunkenness statute since acts in yard could be and were viewed by police at the scene).

Here, there was evidence that the trash barrel where Woods abandoned the cocaine was in an empty lot that could be and was viewed by persons other than the members of Woods's family or household, e.g., the agents as they drove along the street. No evidence indicated that the trash barrel or empty lot was separated or hidden from the street in any way. We find sufficient evidence to support the jury's verdict as to abandonment of a controlled substance in a public place.

3. Woods also appeals the trial court's sentencing order with respect to a Fourth Amendment waiver contained therein. The trial court's order stated,

> IT IS FURTHER ORDERED AND ADJUDGED that as the court finds that Defendant has freely and voluntarily agreed to waive any rights to be free from unreasonable searches and seizures under the 4th Amendment to the U. S. Constitution and corresponding provision of the Georgia Constitution, this Sentence shall reflect that the Defendant shall be subject to this waiver of rights for the entire period of this sentence including while imprisoned, on probation, or under any other conditional release program wherever the Defendant may be located.

---

[3] *Grier v. State*, 273 Ga. App. 517, 518 (1) (615 SE2d 586) (2005).
[4] *Ridley v. State*, 176 Ga. App. 669, 670-671 (337 SE2d 382) (1985).

Woods contends that during the sentencing hearing, he never actually waived his Fourth Amendment rights. Woods correctly argues that a Fourth Amendment waiver is not valid absent a negotiated guilty plea or a valid waiver of such a right. See *Millsap v. State.*[5]

However, without reaching the validity of Woods's waiver, we hold that

> any error that might have taken place at sentencing is harmless. In the present case, no warrantless search has taken place in assertion of [Woods's] Fourth Amendment waiver, and we will not presume that any search that may take place in the future under the authority of a probation officer will be unreasonable, even if it is warrantless.

*Millsap,* supra. Because the trial court's sentencing order is not unlawful per se, the trial court need not modify it. See *Harrell v. State;*[6] *Maness v. State.*[7]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED SEPTEMBER 9, 2005.

Leo E. Benton, Jr., for appellant.
*Jason J. Deal, District Attorney, Lee Darragh, Kelley M. Martin, Assistant District Attorneys,* for appellee.

---

[5] *Millsap v. State*, 261 Ga. App. 427, 429 (3) (582 SE2d 568) (2003).
[6] *Harrell v. State*, 253 Ga. App. 440, 442 (2) (559 SE2d 155) (2002).
[7] *Maness v. State*, 265 Ga. App. 239, 241 (4) (593 SE2d 698) (2004).