## A07A0086. BROWN v. THE STATE.
### (646 SE2d 289)

JOHNSON, Presiding Judge.

A jury found Willie Brown guilty of criminal attempt to commit theft by taking and first degree forgery. He appeals from the convictions and the denial of his motion for a new trial. We affirm.

1. Brown contends the evidence was insufficient to support the verdict in that it was largely circumstantial and did not exclude every other reasonable hypothesis except guilt. The evidence was sufficient.

The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia*.[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] In addition, an appellant no longer enjoys a presumption of innocence.[3] An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[4]

To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis except that of the guilt of the accused.[5] Whether the evidence in this case is sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury.[6]

Viewing the evidence in the proper light, it shows that Brown sought to rent the Augusta-Richmond County Aquatic Center for a social event. He negotiated with the center's director, who agreed to lease the space for several hours for $300. An employee of the center

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Woods v. State*, 275 Ga. App. 471 (620 SE2d 660) (2005).

[2] *Woods*, supra.

[3] Id.

[4] Id.

[5] Id. at 472 (1).

[6] Id. at 472-473 (1); *Holland v. State*, 251 Ga. App. 312, 313 (554 SE2d 303) (2001).

saw a flyer advertising the event and, concerned about the flyer's contents, informed the director. Based on certain activities being advertised in the flyer, center staff determined that the gathering would be an inappropriate use of the facility. The director met with Brown and told him he would not be able to rent the facility to Brown given the latter's intended use of the center. The director gave Brown a refund of $300 cash, which Brown accepted.

A few weeks later, Brown appeared before a public services committee of the County Board of Commissioners to voice problems he had encountered in attempting to rent the center. He stated that the County owed him a refund of the money he paid to rent the center, which he said was $1,300. Brown presented the committee with copies of a handwritten receipt, which he claimed he had received from the director, purportedly showing he paid $1,300 in rental fees. The committee took the matter under advisement.

Shortly after the meeting, an investigator from the Richmond County Sheriff's Office met with Brown because it had been brought to his attention that the center cancelled the event but failed to refund Brown's money. The investigator said he needed to determine what happened to the money. At the investigator's request, Brown gave him the receipt for further examination.

The sheriff's department turned the receipt over to a forensic expert with the Georgia Bureau of Investigation. The expert examined the receipt and testified at trial that the receipt had been altered. He stated that a "1" had been added in front of the "300" dollar amount after the document was originally prepared. According to the expert, the "1" and the "300" were written with different ink. Brown did not testify at trial.

Brown concedes in his brief that the evidence tends to establish an inference that he made a false claim as to money owed him by the County. He urges, however, that the facts also support the conclusion that the director was the culpable party. Brown told the sheriff's investigator that he first paid the director $300 and received a receipt, then returned on the same day to pay the balance of $1,000. When he made the second payment, Brown said, the director simply added a "1" to the original receipt. Brown points to evidence in the record which he says proves irregularities and wrongdoing by center personnel.

Having heard the witnesses' testimony, including Brown's explanation of the facts as told to the witnesses, the jury was in a better position to determine the reasonableness of his alternative hypothesis than an appellate court.[7] We will not disturb the jury's verdict

---

[7] See *Singleton v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989).

unless it was unsupportable as a matter of law.[8] Here, there was evidence from which a rational trier of fact could find that Brown possessed and uttered the altered writing,[9] and that he attempted to receive money in exchange for the writing.[10] The evidence was sufficient to support the convictions.

2. Brown contends he was denied the right to fully develop the issue of ineffective assistance of trial counsel at the hearing on the motion for a new trial. This argument is without merit.

Brown's new counsel filed a motion for a new trial. The written motion did not raise an ineffective assistance of counsel claim. At the hearing, however, Brown did raise the issue, and both he and his new attorney conducted examinations of trial counsel. The record shows that the trial court permitted extensive argument and examinations on the ineffectiveness claim. According to Brown, the court permitted two and one half hours of testimony regarding the ineffectiveness claim before adjourning for the day.[11] When the hearing reconvened two weeks later, the court entertained some argument but did not allow any further evidence regarding the ineffectiveness claim. In denying the motion for a new trial, the trial court specifically found that Brown failed to present any evidence showing trial counsel's performance was deficient.

A trial judge has broad discretion in regulating the conduct of counsel, parties and witnesses, and in prescribing the manner in which the business shall be conducted.[12] Our review of the hearing transcript reveals that Brown was given a great deal of latitude and ample opportunity to develop the record regarding the ineffectiveness claim. Brown has not shown that the trial court abused its discretion or exercised it in such a way as to involve a deprivation of right.[13]

3. Brown contends he was denied effective assistance of trial counsel. He argues that counsel should have called certain witnesses who were associated with the local government, because the witnesses' testimony would have established that the prosecution was politically motivated. To succeed in an ineffective assistance of counsel claim, Brown must prove: (1) that his trial counsel's performance

---

[8] Id.

[9] See *Grimes v. State*, 245 Ga. App. 277, 278-279 (2) (537 SE2d 720) (2000) (circumstantial evidence sufficient to sustain first degree forgery conviction).

[10] See *Brown v. State*, 268 Ga. App. 629, 632 (1) (602 SE2d 158) (2004) (evidence sufficient to support conviction for criminal attempt to commit theft by taking).

[11] We note that the hearing transcript shows the initial hearing on the new trial motion began at 12:00 noon and ended at 5:00 p.m.

[12] See *Vick v. State*, 237 Ga. App. 762, 763 (2) (516 SE2d 815) (1999); *Bryan v. State*, 148 Ga. App. 428 (1) (251 SE2d 338) (1978).

[13] See *Jackson v. State*, 149 Ga. App. 496, 498 (1) (254 SE2d 739) (1979).

was deficient; and (2) that but for this deficiency the outcome of the trial would have been different.[14] In so doing, he must overcome the strong presumption that trial counsel performed within the wide range of reasonable professional conduct and that any challenged conduct might be considered sound trial strategy.[15] We will not reverse the trial court's conclusion that Brown received effective assistance of counsel absent clear error.[16]

We find no error here. Brown asserts that trial counsel should have subpoenaed certain witnesses to testify on his behalf. He contends counsel should have called as witnesses each of the county commissioners and several other officials because they would have shown that his prosecution was politically motivated. None of the witnesses appeared at the hearing on the motion for a new trial. Without evidence regarding what their testimony would have been at trial, Brown has not shown a reasonable probability the results of the proceedings would have been different had trial counsel called these witnesses.[17] Accordingly, Brown has not met his burden of showing that trial counsel's performance was deficient or that the outcome of the trial would have been different absent such alleged deficiency.

4. Brown has recently filed several motions in this Court. Inasmuch as none of the motions affects the merits of this case, the motions are hereby denied.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 26, 2007 —
RECONSIDERATION DENIED MAY 21, 2007 —

Willie W. Brown, *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[14] See *Jividen v. State*, 256 Ga. App. 642, 643 (1) (569 SE2d 589) (2002).
[15] Id.
[16] Id.
[17] Id.; *Corbin v. State*, 268 Ga. App. 453, 454, n. 2 (602 SE2d 211) (2004); *Bishop v. State*, 266 Ga. App. 129, 134 (4) (596 SE2d 674) (2004).