**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 4, 2014**

# In the Court of Appeals of Georgia

A14A0934. BETTES v. THE STATE.

BRANCH, Judge.

Michael Jerome Bettes appeals the denial of his motion for new trial following his conviction on one count of forgery in the first degree. He contends that the evidence was insufficient to support the verdict and that the trial court erred by excluding certain evidence. For the reasons that follow, we affirm.

> On criminal appeal, appellant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict. This Court does not reconsider evidence or attempt to confirm the accuracy of testimony. Assessing a witness's credibility is the responsibility of the factfinder, not this Court.

*Batten v. State*, 295 Ga. 442, 443 (1) (Case No. S14A0941, decided June 30, 2014) (citations omitted). Instead, we review the case "to determine if the evidence, when

viewed in the light most favorable to the prosecution, supports the verdict." *Willis v. State*, 263 Ga. 597, 598 (1) (436 SE2d 204) (1993), citing *Jackson v. Virginia,* 443 U. S. 307, 319 (3) (B) (99 SCt 2781, 61 LEd2d 560) (1979). Upon review of the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Russu v. State*, 321 Ga. App. 695, 696 (1) (742 SE2d 511) (2013) (applying *Jackson v. Virginia* in a forgery case) (citation, punctuation and footnote omitted; emphasis in original).

The evidence presented at trial shows that on January 6, 2010, Bettes approached Carol Tate, a teller at McIntosh State Bank in Locust Grove, and presented a check dated January 3, 2010, made out to "Mihael (sic) J Bettes" in the amount of $1,720, that appeared be drawn on the account of Southeastern Roof Decks, Inc. at the McIntosh State Bank; the check, with the exception of the signature which purported to be that of John Dumas, the owner of Southeaster Roof Decks, was typewritten. Tate was aware that a day or two earlier, another teller at the same bank had cashed, for a different person, a check that proved to be fraudulent that had been drawn on the same account; Tate had been warned to be on alert for another incident. Tate therefore asked for Bettes's identification, which he provided, and Tate told

2

Bettes that she had to obtain verification of the account holder's signature; she then copied Bettes's identification and placed a telephone call to Dumas. Based on that conversation, Tate contacted the police; Officer Curnutt arrived about 10 minutes later. During that time, Bettes did not ask for his identification to be returned and he did not flee. Upon Curnutt's arrival, Bettes cooperated with the officer. Curnutt thereafter arrested Bettes based on his conversation with Tate and Bettes; he did not contact Dumas or anyone else at Southeastern Roof Decks.

Dumas testified that his company, which applies insulating concrete to roofs, has 12 full-time and approximately 8 part-time employees, and that it does not hire subcontractors or day laborers. He testified that the signature on the check presented to Tate by Bettes was not Dumas's and that the bank account number thereon was incorrect. Although one person in the company other than Dumas had authority to sign checks, that person does not sign Dumas's name to checks. Dumas had never met Bettes before, did not believe that Bettes had ever worked for Southeastern Roof Decks, and admitted that Bettes probably could not recognize Dumas's signature. Dumas was not aware of an incident occurring a few days before January 6, 2010, involving a different person attempting to cash a fraudulent check drawn on his business's account.

3

Following the above evidence, the State rested and Bettes moved for a directed verdict on the ground that the State failed to proved that Bettes knowingly committed forgery. The court denied the motion, concluding that the State had presented circumstantial evidence that Bettes acted knowingly.

Shirley Bettes then testified that immediately prior to January 6, 2010, her husband was not employed permanently but that he would attempt to secure temporary work as a day laborer. Shirley Bettes testified that on the day her husband was arrested, he had came home with dirty clothes after being away for four days working. Thereupon, the defense rested; Bettes did not testify.

During the deliberation, the jury requested answers to the following questions: "Who he reported to on the job? Where was the job site? Who gave him this check? Any witnesses to his working? Who was superintendent on the job?" The judge instructed the jury that the evidence was closed and that the jury should continue its deliberations.

1. Bettes contends the State failed to present sufficient evidence, direct or circumstantial, to sustain a conviction of forgery in the first degree because it failed to prove that Bettes committed the crime knowingly with intent to defraud.

At the time of Bettes's conviction, the crime was codified as follows:

A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

OCGA § 16-9-1 (a) (2011).[1] Thus, in addition to the other elements, the State was required to show that Bettes acted with intent to defraud and that he knowingly made, altered, or possessed a fraudulent check. See also *Chambers v. State*, 22 Ga. App. 748, 750 (97 SE 256) (1918) ("The intent of the accused to defraud is the essence of the crime [of forgery], and must be proved beyond a reasonable doubt.") (citation and punctuation omitted). "Both knowledge and intent to defraud may be proven by circumstantial evidence." *Collins v. State*, 258 Ga. App. 400, 401 (1) (574 SE2d 423) (2002) (punctuation and footnote omitted).

Here, the evidence establishes that Bettes was in possession of a check purportedly signed by Dumas but without Dumas's authority and that Bettes attempted to cash it at the bank. And because "knowingly passing as genuine a forged instrument is conclusive of the intent to defraud," *Matula v. State*, 264 Ga. 673, 675 (2) (449

---

[1] The Code section was modified in 2012. See Ga. L. 2012, p. 899, § 3-5.

SE2d 850) (1994) (citation and punctuation omitted), if the State presented sufficient evidence to show that Bettes knowingly possessed a forged check and tried to cash it, then the State would have presented sufficient evidence to prove that Bettes intended to defraud the bank. Thus Bettes's appeal turns on whether the State presented sufficient evidence to establish that Bettes knowingly possessed the forged check. See id. The State presented no direct evidence to show that Bettes knowingly possessed the check and instead relied on circumstantial evidence to prove this element of the crime.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6 (formerly OCGA § 24-4-6). See also *Graves v. State*, 172 Ga. App. 829, 830 (324 SE2d 790) (1984) (circumstantial evidence that "merely raises a suspicion of guilt is not sufficient to convict") (citation and punctuation omitted). The proved facts "need not exclude every *conceivable* inference or hypothesis – only those that are reasonable." *Merritt v. State*, 285 Ga. 778, 779 (1) (683 SE2d 855) (2009) (citations omitted; emphasis in original). "Whether the evidence excludes other reasonable hypothesis is ordinarily a question for the jury, whose finding shall not be disturbed

unless the verdict of guilt is unsupportable as a matter of law." *Owens v. State*, 286 Ga. 821, 825 (1) (693 SE2d 490) (2010) (citation omitted); *Blevins v. State*, 291 Ga. 814, 816 (733 SE2d 744) (2012) (same). See also *Brown v. State*, 285 Ga. App. 453, 454 (1) (646 SE2d 289) (2007) (jury in better position to determine reasonableness of alternative hypothesis to forgery than appellate court).

The circumstantial evidence presented in this case together with reasonable inferences arising from that evidence shows that although the check was drawn on an account of Southeastern Roof Decks, Bettes never worked for that company as a day laborer or otherwise and that Bettes or someone acting on his behalf provided Bettes's name and address to the person who typed the check. Thus an inference arises that Bettes should have known that Southeastern Roof Decks did not owe him any money, that the check was not genuine, and that accordingly, Bettes was not authorized to present the check for payment. It was therefore up to the jury to decide whether Bettes's alternative proposition suggested by his wife's testimony – that he performed day labor work entitling him to receive the check – was excluded by the evidence. Although the jury asked questions that showed the members of the jury wanted more information regarding Bettes's wife's testimony, the jury reached a decision on the issues presented without that information.

7

Finally, we find no basis to conclude that the jury's finding on this issue is unsupportable as a matter of law. See *Russu*, 321 Ga. App. at 698 (1) (circumstantial evidence that defendant "attempted to withdraw $2,100 from an account belonging to an individual she neither knew nor had any prior dealings with, using a check she claimed had been delivered to her from a source essentially unknown to her" was sufficient to support conviction of first degree forgery even though defendant provided valid identification and her thumb print at the time she tried to cash the check and gave an explanation of how she came into possession of the check); *Brown*, 285 Ga. App. at 454 (1). Compare *Ryles v. State*, 216 Ga. App. 462, 466 (4) (454 SE2d 639) (1995) (circumstantial evidence that witness had seen defendant walking in direction of car dealership was insufficient, standing alone, to link defendant with burglary of dealership even though defendant was guilty of stealing a vehicle from the same dealership later the same night); *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983) (circumstantial evidence that appellant was merely present at his parents' house was insufficient to convict appellant of knowing possession of marijuana plants growing in flower pots next to house given that appellant's brother, who lived at the house with his parents, testified that he alone grew and had knowledge of the plants).

2. Bettes also contends the trial court erred by excluding statements he made to the arresting officer and to his wife. Although the opening statements were not transcribed, the trial transcript shows that the State objected to defense counsel's opening statement on the ground that counsel was about to tell the jury about a conversation between Bettes and the arresting officer; the State objected on the ground that Bettes's statements constituted inadmissible, self-serving hearsay. Bettes contends that the trial court erred by sustaining this objection and erred by sustaining a similar objection to Bettes's wife's testimony about what Bettes told her about his work prior to his attempt to cash the check. Bettes, however, did not introduce any evidence of the excluded testimony at the hearing on the motion for new trial nor proffer the testimony at trial.

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this court.

*Holder v. State*, 242 Ga. App. 479, 482 (5) (529 SE2d 907) (2000) (citations and punctuation omitted). For these reasons, this assertion of error fails.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*