**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 1, 2022**

# In the Court of Appeals of Georgia

A22A0226. GAINEY v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Glynn County entered a judgment of conviction against Marco Gainey for five counts of sexual battery against a child under 16 (OCGA § 16-6-22.1 (d)) and three counts of child molestation (OCGA § 16-6-4 (a)).[1] Gainey appeals from the trial court's denial of his motion for new trial as amended, arguing that he received ineffective assistance of trial counsel because counsel elicited bolstering testimony from a witness and failed to move to sever Gainey's trial based upon his three separate victims. In the alternative, Gainey also

---

[1] The jury returned guilty verdicts against Gainey on three additional counts of child molestation and two additional counts of sexual battery. However, the trial court merged these charges into Gainey's other convictions. Gainey received a total sentence of 45 years to serve 40 years in prison.

contends that his sentences should be vacated because the trial court included an impermissible Fourth Amendment waiver in his sentence. Finding no reversible error, we affirm.

Viewed in a light most favorable to the verdict,[2] the evidence adduced at trial revealed that 11-year-old M. G. visited her aunt in Brunswick, Glynn County, during the summer of 2010. Gainey, whom M. G. knew as "Polo," also visited the aunt. On one occasion, when M. G. spent the night at her aunt's house, Gainey entered M. G.'s room as she was "halfway asleep," touched her breasts and her vagina, and placed her hands on his penis. Gainey's abuse ended when someone called for him and he left the room. M. G. called for her brother, but Gainey came in with her brother. Eventually, M. G. was able to leave the room, find her brother alone, and told him what had happened.

Meanwhile, in the summer of 2012, 14-year-old A. C. stayed with her aunt and her aunt's family in Brunswick. Gainey was the father of one of A. C.'s cousins and also lived at the residence.[3] On one evening, while A. C. was asleep, she was

---

[2] See, e.g., *Grimes v. State*, 362 Ga. App. 242 (867 SE2d 843) (2022). Gainey does not contest the sufficiency of the evidence.

[3] A. C. also knew Gainey as "Polo."

2

awakened by Gainey touching her breasts and his penis. Gainey's pants were pulled down. When A. C. told Gainey to stop, he forcefully removed her pants and attempted to penetrate her vagina with his penis; he also put his fingers inside A. C.'s vagina. She again told him to stop, and he left the room. One of A. C.'s cousins asked her if anything had happened to her "because one of [the cousin's] friends said something happened to another girl[;]" A. C. then confided in her cousin and told her about Gainey's abuse.

Finally, 13-year-old J. B. also resided in Brunswick in the summer of 2012. On one occasion, Gainey, whom J. B. also knew as "Polo," came over to give J. B.'s mother a tattoo. Gainey ended up staying late, and J. B. was awakened by Gainey rubbing her breasts as he masturbated. When Gainey attempted to move his hand lower on J. B.'s body, she got up, left the room, and reported Gainey's abuse to her grandmother.

A Glynn County grand jury indicted Gainey for eight counts of child molestation and five counts of sexual battery against a child under 16 arising from his actions against each of the three victims. Following trial, a jury returned verdicts of guilty against Gainey on each count of the indictment, and the trial court denied Gainey's motion for new trial as amended. This appeal followed.

3

1. In his first enumeration of error, Gainey argues that he received ineffective assistance of trial counsel because counsel: (a) elicited improper bolstering testimony during his cross-examination of a victim's grandmother; and (b) failed to move to sever Gainey's charges based upon the separate victims. We are not persuaded and, for the following reasons, conclude that Gainey has failed to demonstrate ineffective assistance of counsel.

It is well settled that

> [t]o prevail on his claim of ineffective assistance of trial counsel, [Gainey] must prove both that counsel's performance was professionally deficient and that he was prejudiced by the deficient performance. To prove deficient performance, [Gainey] must show that his counsel performed in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. . . . To prove prejudice, [Gainey] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. This burden is a heavy one. And if [Gainey] fails to show either deficiency or prejudice, this Court need not examine the other prong of the [*Strickland v. Washington*, 466 U. S. 668, 687 (III), 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984)] test.

(Citations and punctuation omitted.) *DeLoach v. State*, 308 Ga. 283, 287-288 (2) (840 SE2d 396) (2020).

(a) *Bolstering Testimony*. Gainey first contends that he received ineffective assistance of trial counsel because counsel, during his cross-examination of J. B.'s grandmother, elicited improper bolstering testimony about J. B.'s truthfulness. We do not agree.

During Gainey's cross-examination of J. B.'s grandmother, the following exchange occurred:

Q:      Okay. And that's — as far as you know, that's — from the time you went to bed until that, you have no idea as to specifically what happened other than what [J. B.] told you, right?

A:      Yes, and he was — [J. B.] did not know Polo was in the house for her to name Polo, to say his name. I knew he was in the house before I went to bed. [J. B.] never knew Polo was there until she woke up and seen him touching her breast.

Q:      And, in fact, I think you might've told the police officer that you thought [J. B.] was telling the truth because she wouldn't have known Polo was there, right?

A:      I know [J. B.'s] telling the truth because she would not know Polo was there. Plus, I teach my grandkids to tell me everything and anything

5

that happens, good or bad, even if they're getting in trouble, you take your medicine.

At Gainey's motion for new trial hearing, trial counsel testified that he asked the grandmother about J. B.'s truthfulness because he

> believed that [J. B.] had reason to exaggerate and she had reason to say things previously that had — her grandmother had found not to be true, and I believed — what we were trying to get out of her grandmother was that she — not that she would lie, but that she would exaggerate or that she would have illusions or other dreams, things like that, that she would tell her grandmother. That was my understanding of things that had happened in the past and that's what we were trying to elicit from her.

Trial counsel further testified that if he could elicit testimony from the grandmother that J. B. was "'young, or sometimes she'll say things and then I can find out that that's not quite true,' that even that would bring us a little bit of doubt to argue to the jury." Finally, trial counsel confirmed that he had spoken with Gainey about such questioning of the grandmother "as a possible strategy."

We find no error. "Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Hardin v. State*, 344 Ga. App. 378,

6

383 (1) (b) (810 SE2d 602) (2018). In particular, "[d]ecisions about what questions to ask on cross-examination are quintessential trial strategy and will rarely constitute ineffective assistance of counsel." (Citation and punctuation omitted.) *Washington v. State*, 357 Ga. App. 184, 189 (d) (850 SE2d 251) (2020); see also *Brewer v. State*, 328 Ga. App. 801 (762 SE2d 622) (2014) ("The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his or her client.") (citation and punctuation omitted). Here, even though counsel's questioning elicited testimony that may have bolstered J. B.'s credibility, counsel's strategy, which he discussed with Gainey — specifically, to "bring us a little bit of doubt to argue to the jury" by attempting to get the grandmother to admit that the victim was not always truthful — was not "so patently unreasonable that no competent attorney would have chosen [it]."[4] (Citation and punctuation omitted.) *Hardin*, 344 Ga. App. at 383 (1) (b); see also *Damerow v. State*, 310 Ga. App. 530, 538 (4) (a) (ii) (714 SE2d 82) (2011) (finding no ineffective assistance of trial counsel where counsel elicited bolstering testimony from victim's mother to demonstrate that victim's allegation of abuse was "totally inconsistent"

[4] "In evaluating the reasonableness of trial strategy, every effort should be made to eliminate the distorting effects of hindsight." (Citation and punctuation omitted.) *DeLoach*, 308 Ga. at 289 (2) (a).

with mother's decision to allow defendant to move into her residence). It follows that Gainey has failed to demonstrate ineffective assistance of trial counsel based upon counsel's cross-examination of J. B.'s grandmother.[5]

(b) *Motion to Sever*. Gainey next asserts that he received ineffective assistance of trial counsel due to counsel's failure to move to sever his charges because there were three separate victims. Again, we disagree.

A Glynn County grand jury indicted Gainey for a total of 13 different crimes, consisting of both child molestation and sexual battery against a child under 16, against three different victims. The incidents were alleged to have occurred between July 4 and 10, 2010, between June 4 and October 18, 2012, and on September 26, 2012. Trial counsel did not move to sever the counts against Gainey based upon each individual victim. In response to a question during Gainey's motion for new trial hearing, trial counsel testified that he had considered a motion to sever Gainey's charges, but concluded that he "did not see any merit in doing that." He added that the events "had either happened at the same time or at least fairly close enough to the same time that that was going to kill any kind of motion to sever."

---

[5] Having decided that Gainey has failed to demonstrate error by trial counsel, we need not consider the prejudice prong of the ineffective assistance analysis. See *DeLoach*, 308 Ga. at 288 (2).

To prevail on his claim of ineffective assistance, Gainey must demonstrate that a motion to sever would have been successful. See generally *Talley v. State*, 269 Ga. App. 712, 713 (2) (b) (605 SE2d 108) (2004) (concluding that defendant failed to show ineffective assistance because it was "unlikely a motion to sever would have been successful"). This, he cannot do. Georgia law provides that

> [w]hen two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment, severance is mandatory upon the defendant's motion if the crimes are joined *solely* because they are of the same or similar character. If the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever.

(Citation omitted; emphasis in original.) *Duncan v. State*, 315 Ga. App. 67, 71 (3) (726 SE2d 558) (2012).

> In making this decision, the court must consider the number of offenses charged, the complexity of the charges, and the complexity of the evidence and determine whether the jury will be able to fairly and intelligently parse the evidence and apply the law with regard to each charge. Where in the sound discretion of the trial court, the number of offenses charged and the complexity of the evidence do not reasonably

9

> impinge upon a fair determination of the defendant's guilt or innocence as to each offense charged, a severance need not be granted.

(Citations and punctuation omitted.) *Love v. State*, 349 Ga. App. 741, 744 (2) (824 SE2d 745) (2019). "We review a trial court's denial of a motion to sever the trial of separate charges for an abuse of discretion[,]" and, to that end, we have held that "the trial court does not abuse its discretion by denying a motion to sever if the evidence of one offense would be admissible as a similar act in the trial of the other offense." (Citations and punctuation omitted.) Id.; see also *Algren v. State*, 330 Ga. App. 1, 3 (1) (764 SE2d 611) (2014) (finding that "offenses have not been joined *solely* because they are of the same or similar character when the evidence of one offense can be admitted as similar transaction evidence during the trial of the other offense and severance is not mandatory in such a case") (citations and punctuation omitted; emphasis in original).

In this case, Gainey faced multiple charges of child molestation and sexual battery against three different victims. Although the crimes involved different victims, each crime occurred against similarly-aged victims while Gainey was a houseguest in the victims' residences. He approached each victim as they slept and abused them by touching their breasts as he touched his penis. Each of the victims

10

testified, and the evidence was not so complex and the charges not so numerous as to cause confusion. Accordingly, trying Gainey's crimes together did not "reasonably impinge upon a fair determination of [Gainey's] guilt or innocence as to each offense charged[;]" as a result, severance of the charges was not required. (Citation omitted.) *Love*, 349 Ga. App. at 744 (2). However, even had the charges been severed, as Gainey now requests, evidence of one crime would have been admissible as a prior act in the trial of the others. See, e.g., *Payne v. State*, 285 Ga. 137, 138-139 (674 SE2d 298) (2009), overruled in part on other grounds, *Reed v. State*, 291 Ga. 10, 14 (3) (727 SE2d 112) (2012); see also OCGA §§ 24-4-404 (b) (other acts evidence generally), 24-4-413 (other acts evidence in sexual assault cases), 24-4-414 (other acts evidence in child molestation cases). It follows that Gainey's proposed motion to sever would have been unsuccessful, see, e.g., *Love*, 349 Ga. App. at 744 (2), and "[t]rial counsel will not be found ineffective for failing to file a futile motion." *Duncan*, 315 Ga. App. at 72 (3). Therefore, Gainey has again failed to demonstrate ineffective assistance of counsel.

2. Next, Gainey argues that the trial court impermissibly imposed a Fourth Amendment waiver as a condition of the probation portion of his sentence. For the following reasons, we conclude that Gainey has waived this argument. Furthermore,

11

the trial court's imposition of a Fourth Amendment waiver is not unlawful per se and, therefore, the argument may not be revived under the auspices of a void sentence.

In its second amended sentencing order,[6] the trial court imposed a special condition of probation that Gainey

> shall submit to a search of person, residence, papers, vehicle, and/or effects at any time of day or night without a search warrant, whenever requested to do so by a Probation Officer or other law enforcement officer upon reasonable cause to believe that [Gainey] is in violation of probation or otherwise acting in violation of the law, and [Gainey] shall specifically consent to the use of anything seized as evidence in any judicial proceedings or trial.

Gainey did not raise any argument challenging the Fourth Amendment waiver in his motion for new trial as amended.

(a) *Waiver*. "The general rule regarding the raising of issues for the first time on appeal is well known" in that, save for instances of plain error which are not at

---

[6] Although Gainey indicated that copies of the transcripts of the proceedings had been requested and "should already be filed in the Court record and should be included in the record on appeal[,]" the record does not contain a transcript of Gainey's sentencing. Furthermore, neither party has moved to supplement the record to include the transcript, to the extent one exists.

issue here,[7] "[a]n issue not raised during the trial in any form calling for a ruling will not be considered by this court." (Citation and punctuation omitted.) *Smith v. State*, 311 Ga. App. 184, 187 (3) (715 SE2d 434) (2011). Because Gainey failed to raise any argument in the trial court concerning the imposition of the Fourth Amendment waiver as a condition of probation, the argument has been waived. See, e.g., *Sevostiyanova v. State*, 313 Ga. App. 729, 731-732 (2) (722 SE2d 333) (2012) (holding that Court of Appeals does not "consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them") (citation and punctuation omitted); *Smith*, 311 Ga. App. at 187 (3).

(b) *Illegal Sentence*. Nevertheless, we may still review Gainey's claim if his sentence is void.[8] "A sentence is void if the court imposes punishment that the law does not allow[,]" and the illegality of such sentences may not be waived. (Citation and punctuation omitted.) *Jackson v. State*, 338 Ga. App. 509, 509-510 (790 SE2d

---

[7] See OCGA §§ 17-8-58 (b) (plain error review of jury instructions), 24-1-103 (d) (plain error review of evidentiary rulings).

[8] Contrary to Gainey's argument, a Fourth Amendment waiver obtained as part of an express agreement in a negotiated guilty plea is not the only manner in which a valid Fourth Amendment waiver may arise. See *Wiggins v. State*, 323 Ga. App. 754, 756 (2) (748 SE2d 120) (2013) (noting that failure to object to trial court's imposition of Fourth Amendment waiver following jury trial was tantamount to consent).

295) (2016); see also *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017). To that end, "a sentencing court retains jurisdiction to correct a void sentence at any time." (Citation and punctuation omitted.) *Jackson*, 338 Ga. App. at 509.

Relevant to this case, we have held that a trial court's imposition of a Fourth Amendment waiver as a condition of probation, without first securing a defendant's consent, is erroneous, but is not "unlawful per se" and that the condition need not be modified. See *Woods v. State*, 275 Ga. App. 471, 474 (3) (620 SE2d 660) (2005); *Millsap v. State*, 261 Ga. App. 427, 429 (3) (582 SE2d 568) (2003). We have also concluded that any such error is harmless. See *Woods*, 275 Ga. App. at 474 (3); *Millsap*, 261 Ga. App. at 429 (3). As a result,

> [i]n the present case, no warrantless search has taken place in assertion of [Gainey's] Fourth Amendment waiver, and we will not presume that any search that may take place in the future under the authority of a probation officer will be unreasonable, even if it is warrantless.

*Woods*, 275 Ga. App. at 474 (3), citing *Millsap*, 261 Ga. App. at 429 (3). It follows that the trial court's imposition of a Fourth Amendment waiver does not render Gainey's sentence void.

In sum, we conclude that Gainey has failed to demonstrate that he received ineffective assistance of counsel. We further conclude that Gainey failed to raise any

14

argument in the trial court concerning its imposition of a Fourth Amendment waiver, and the argument is now waived. Therefore, we affirm the trial court's order denying Gainey's motion for new trial as amended.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*