## S99A0451. THE STATE v. JACKSON.
### (515 SE2d 386)

CARLEY, Justice.

Bobby Jones Jackson was charged with purchasing marijuana in
violation of OCGA § 16-13-30 (j) (1). Under OCGA § 16-13-30 (j) (2),
conviction of this crime would result in felony sentencing even
though the amount of marijuana that Jackson allegedly purchased is
less than one ounce. Under OCGA § 16-13-2 (b), a conviction of pos-
session, rather than purchase, of this small amount of marijuana
would mandate only misdemeanor punishment. Based upon the dis-
parity between the prescribed punishments for possession and
purchase of the same amount of marijuana, Jackson filed a demurrer
asserting the unconstitutionality of OCGA § 16-13-30 (j) (2). The trial
court sustained the demurrer and dismissed the indictment. From
this order, the State appeals directly pursuant to OCGA § 5-7-1 (a)
(1).

The initial consideration in an equal protection challenge to a
criminal statute is whether the defendant is similarly situated to
members of a class who are treated differently than he. *Reed v. State*,
264 Ga. 466 (448 SE2d 189) (1994). Therefore, Jackson was required
to show that those who purchase less than one ounce of marijuana
are similarly situated to those who possess that same amount of con-
traband. Criminal defendants are "similarly situated" for purposes of
equal protection "only if they are charged with the same crime or
crimes." *Woodard v. State*, 269 Ga. 317, 321-322 (3) (496 SE2d 896)
(1998). Under OCGA § 16-13-30 (j) (1), the purchase of marijuana is
set forth as a separate unlawful act from the possession of that con-
trolled substance. The meaning of "purchase" is "to obtain by paying
or promising to pay a price. [Cits.]" *Northeast Factor & Discount Co.
v. Mortgage Investments*, 107 Ga. App. 705, 709 (1) (c) (131 SE2d 221)
(1963). "Possession," on the other hand, is defined as "the right to
exercise power over a corporeal thing. . . . [Cits.]" *Cook v. State*, 136
Ga. App. 908, 909 (2) (222 SE2d 656) (1975). Thus, a purchase of
drugs connotes the act of engaging in a commercial transaction,
which is not an element of the act of simply possessing the contra-
band. This is a viable distinction, since commercial drug transactions
can pose a greater threat to the public health, safety and welfare
than the private possession of the same controlled substance. See
*Tillman v. State*, 260 Ga. 801, 802 (400 SE2d 632) (1991).

Because OCGA § 16-13-30 (j) (1) provides that the purchasers of

marijuana commit a different crime than do the possessors of that contraband, Jackson cannot base his challenge to the constitutionality of the felony punishment prescribed for his alleged commission of the former offense upon the General Assembly's determination to provide a misdemeanor sentence for those who only possess the same amount of the contraband. For equal protection purposes, only those defendants charged with purchasing marijuana are similarly situated to Jackson. *Woodard v. State*, supra at 222 (3). There is no contention that, unlike others charged with the purchase of less than one ounce of marijuana, Jackson faces harsher punishment. Compare *Phagan v. State*, 268 Ga. 272, 274 (2) (486 SE2d 876) (1997) (statute imposing greater punishment for same crime on the basis of the defendant's age). The imposition of a felony sentence applies equally to all those accused of purchasing any amount of the controlled substance and, thus, there is no unconstitutional disparate treatment of similarly situated persons. *Sims v. State*, 260 Ga. 782, 783 (1) (399 SE2d 924) (1991). Thus, the trial court erred in sustaining Jackson's demurrer and dismissing the indictment charging him with the purchase of marijuana.

*Judgment reversed. All the Justices concur.*

Decided April 12, 1999.

*Kenneth B. Hodges III, District Attorney, Richard E. Thomas, Kenneth A. Dasher, J. David Fowler, Assistant District Attorneys,* for appellant.

*David E. Slemons,* for appellee.

*Peter J. Skandalakis, District Attorney, Coweta Circuit,* amicus curiae.