A06A1379. JOHNSON v. THE STATE.
(636 SE2d 124)

PHIPPS, Judge.

This is the second appearance of this case before us. In *Johnson v. State*,[1] we affirmed David Johnson's conviction of rape, assault, and other crimes. More than a year later, Johnson filed a motion to void his sentence. The trial court denied the motion. In this pro se appeal, Johnson argues that because the indictment against him failed to specify that the crimes of which he was convicted occurred in Walker County, his sentence is void.

Like the appellant in *Wright v. State*,[2] which also arose from the denial of a motion to void a sentence, Johnson "is essentially seeking to vacate [his] judgment of conviction."[3] This effort fails for a number of reasons. As our Supreme Court held in *Wright*, a motion to vacate judgment does not lie in a criminal case.[4] Considered as a motion to arrest judgment,[5] Johnson's motion is untimely because it was not filed in the same term of court in which the judgment was entered;[6] considered as an extraordinary motion for new trial,[7] the

---

[15] See generally *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).
[1] 268 Ga. App. 1 (601 SE2d 392) (2004).
[2] 277 Ga. 810 (596 SE2d 587) (2004).
[3] Id. at 811.
[4] Id.
[5] See OCGA § 17-9-61 (b).
[6] *Wright*, supra.
[7] See OCGA § 5-5-41 (a); but see *Balkcom v. State*, 227 Ga. App. 327, 330-332 (489 SE2d

motion fails because Johnson could have raised the issue of the defective indictment in his original motion for new trial but did not.[8] Finally, we note that Johnson's argument is belied by the record: the indictment did allege that the crimes were committed in Walker County.

For all these reasons, we conclude that the trial court did not err when it denied Johnson's motion to void his sentence. The parties' various motions are denied.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 31, 2006.

David L. Johnson, *pro se.*

Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, *Assistant District Attorney*, for appellee.

---

129) (1997) (appeal from denial of extraordinary motion for new trial must comply with discretionary appeal procedures of OCGA § 5-6-35 (a) (7)).

[8] See *Johnson*, supra; *Hester v. State*, 219 Ga. App. 256, 257 (1) (465 SE2d 288) (1995) (extraordinary motion for new trial will not be granted on basis of previously known information).