A08A0923. DEWBERRY v. THE STATE.

(670 SE2d 150)

BARNES, Chief Judge.

Edward Dewberry appeals his conviction of burglary and three counts of armed robbery. Dewberry contends the trial court erred in limiting the cross-examination of a State's witness, thereby denying him his right to a thorough and sifting cross-examination in violation of OCGA § 24-9-64 and its constitutional counterparts. Finding no reversible error, we affirm.

Following Dewberry's conviction, he filed a motion for a new trial contending that the trial court erred in limiting his ability to cross-examine a State's witness and that the verdict was contrary to the evidence. The motion was subsequently denied and Dewberry's first appeal followed. In that appeal, however, Dewberry restricted his complaint only to allegations that he received ineffective assistance of counsel and that the verdict was contrary to the evidence. No error regarding a restriction on Dewberry's right to cross-examine a witness was enumerated in his initial appeal. In an unpublished opinion, this court found no error and affirmed the trial court's decision that the verdict was not contrary to the evidence, but remanded the case to the trial court to consider Dewberry's allegation regarding ineffectiveness of counsel because that error had not been raised in the trial court. See *Acey v. State*, 281 Ga. App. 197, 203 (4) (635 SE2d 814) (2006). On remand, the trial court denied

Dewberry's motion for a new trial based on ineffective assistance of counsel, and this appeal followed.

In this appeal, Dewberry's sole enumeration of error is that the trial court erred by limiting his cross-examination of a witness, an argument which he abandoned by not raising and arguing it in his first appeal. *Jackson v. State*, 225 Ga. 790, 793-794 (6) (171 SE2d 501) (1969), rev'd as to death sentence, *Furman v. Georgia*, 408 U. S. 238 (92 SC 2726, 33 LE2d 346) (1972). Consequently, Dewberry cannot revive this abandoned issue merely by asserting the error after the remand "to the trial court for a hearing and ruling on the issue of trial counsel's effectiveness." *Hodgkins v. Marshall*, 102 Ga. 191, 199 (29 SE 174) (1897) (failure to enumerate errors upon a first appeal waives the right to enumerate them later); *Lee v. State*, 226 Ga. 162, 163 (3) (173 SE2d 209) (1970) (issues not enumerated as error are waived). See *Black v. Hardin*, 255 Ga. 239, 240 (3) (336 SE2d 754) (1985) (an error not enumerated stands on like footing with a failure to make timely objection in the trial court; any error is waived, and being waived, a procedural bar exists to its consideration in later proceedings).

Dewberry may have had a legitimate argument regarding the restrictions on the cross-examination, but the error in question was not enumerated in the first appeal filed by counsel on his behalf, and thus it was waived. Unfortunately for appellant, he has provided us with no vehicle by which we might address the merits of this argument.

Accordingly, Dewberry having failed to raise any error concerning the trial court's order denying his motion for new trial based upon the alleged ineffectiveness of his defense counsel, the trial court's ruling must be affirmed.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008.

*David M. Burns, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, Jonathan V. Dunn, Assistant District Attorney,* for appellee.