## A08A1593. JOHNSON v. THE STATE.

(675 SE2d 588)

SMITH, Presiding Judge.

Melinda Johnson appeals from her convictions for purchasing marijuana and possessing a firearm during the commission of a crime.[1] She asserts that the trial court erred by refusing her written request to charge the jury on the lesser included offense of misdemeanor possession of marijuana and that insufficient evidence supports her purchase of marijuana conviction. Although we find sufficient evidence supports Johnson's convictions, we must reverse because the trial court erred by refusing Johnson's written request to charge on a lesser included offense.

Viewed in the light most favorable to the verdict, the record shows that Johnson, an Effingham County sheriff's patrol deputy, asked an acquaintance, Crystal Melton, to help her obtain marijuana for Johnson's mother. After telling Johnson that she "could get it for her with the people [she] worked with at the time," Melton "thought about it overnight," and decided to report Johnson's conduct to the sheriff's department.

The next evening, Melton met Johnson in the parking lot of a grocery store. Both women remained in their cars and Melton handed Johnson a change purse containing two "dime" bags of marijuana. Melton testified that Johnson promised to pay her the next day because she did not have change for a $50 bill. After seeing a signal from Melton, other officers stopped Johnson while she was leaving the parking lot and arrested her.

At the time of transaction, Johnson was driving her patrol car, wearing her patrol uniform, and carrying her service weapon. A crime scene investigator trained in marijuana identification testified that the substance in the bags seized from Johnson's car tested positive for marijuana.

Johnson's mother testified at trial and acknowledged writing and signing a statement the day after her daughter was arrested stating:

> I smoke mara. (pot) for pain & upset stomach. I know it is against the law in State of Ga. I have two children that has been getting it for me, couple of joints at a time. Last night about 9:00 pm Melinda (first time) called and said she had something for me but she was afraid to go get it because of her job. I told her I would go get it myself then she called me around 2:00 am and said she had been arrested.

---

[1] The jury acquitted Johnson of possessing marijuana with the intent to distribute.

YALE LAW LIBRARY

But elsewhere in her trial testimony Johnson's mother denied that she smoked marijuana, and Johnson denied that she ever obtained marijuana for her mother. Her mother explained at trial that she lied in her written statement because the sheriff told her he would help her daughter bond out of jail if she signed one.

Johnson testified that she was arrested a few days after reporting the behavior of other sheriff's deputies to an internal affairs representative. According to Johnson, deputies on a shift with the nickname of "wolfpack" were sexist in their dealings with her. She also complained to the sheriff, who told her she "was paranoid." In his testimony, the sheriff acknowledged that Johnson "came to my office immediately" when others "got onto her for anything."

Johnson testified that Melton, who lived with and was engaged to one of the "wolfpack" deputies, started calling her every 20 to 40 minutes asking to meet with her "to talk." The telephone calls between Johnson and Melton were not recorded by the sheriff's deputies running the operation even though they had the ability to do so. Johnson testified that she did not know why Melton wanted to meet with her.

When she arrived at the meeting place, Melton handed her some food and then the change purse containing the marijuana. When Johnson asked Melton about the purse, she learned that it contained two "dime bags." Johnson testified that she placed the change purse in the crate where she kept evidence and decided to drive straight to the sheriff's home to report the incident. Effingham County Sheriff's deputies stopped and arrested her before she had an opportunity to do so. She denied that she intended to purchase the marijuana found in her patrol car at the time of her arrest. She admitted telling Melton that she would pay her the next day, but explained that she had $410 in cash and "could have purchased drugs if [she] had wanted to."

1. Johnson contends insufficient evidence supports her purchase of marijuana conviction because: (1) the State failed to prove the quantity of marijuana and (2) she did not pay for it at the time she took possession. We disagree. First, the quantity of marijuana purchased is *not* an element of the crime of purchasing marijuana. See OCGA § 16-13-30 (j) (1) (unlawful for person to purchase marijuana); cf. *State v. Jackson*, 271 Ga. 5, 6 (515 SE2d 386) (1999). Second, the purchase of marijuana can be established by proof of a promise to pay for it. Cf. *Jackson*, supra, 271 Ga. at 5.

2. In her remaining enumeration of error, Johnson contends the trial court erred by refusing to grant her written request to charge the jury on the misdemeanor offense of possessing less than one ounce of marijuana. See OCGA § 16-13-2 (b). We agree.

The State charged Johnson with violating the Georgia Controlled Substances Act by unlawfully purchasing marijuana. OCGA § 16-13-30 (j) (1) provides: "It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." OCGA § 16-13-2 (b) provides that possession of one ounce or less of marijuana is a misdemeanor. This court has previously held that possession of a controlled substance is a lesser included offense of the sale of the same controlled substance. See *Lawrence v. State*, 227 Ga. App. 70, 71-72 (2) (487 SE2d 608) (1997). We see no logical distinction between the purchase of a controlled substance and the sale of a controlled substance for purposes of charging possession as a lesser included offense.

Based on the evidence submitted at trial, the trial court should have charged the jury on the lesser included offense of misdemeanor possession of marijuana. "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). Johnson testified that she did not intend to purchase the marijuana and she did not pay for the marijuana before her arrest. It is undisputed, however, that she took possession of it. Although the weight of the marijuana was not established at trial, the jury could infer from the evidence before it that it weighed less than one ounce. Photographs of the marijuana show two very small bags of marijuana leaves, and Melton characterized it as a "small amount" or a "small bag." This evidence may not conclusively establish that Johnson possessed less than one ounce of marijuana, but it does meet the "any evidence" standard for charges on lesser included offenses.

The trial court erred by refusing to grant Johnson's written request for a charge on misdemeanor possession. Because the evidence against her was not overwhelming, the trial court's error was not harmless, and we must therefore reverse her conviction. *Elrod v. State*, 265 Ga. App. 335, 337 (1) (593 SE2d 879) (2004). Compare *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) (in light of overwhelming evidence of guilt, it was highly probable that failure to give charge on lesser included offense did not contribute to verdict).

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 18, 2009 — ▮▮▮▮▮▮▮▮▮▮

*Phillips & Roberts, Robert P. Phillips III*, for appellant.

*Richard A. Mallard, District Attorney, Brian A. Deal, Joseph B. Black, Assistant District Attorneys,* for appellee.