## A09A0074. SCOTT v. THE STATE.

(678 SE2d 124)

PHIPPS, Judge.

Patrick Delroy Scott appeals his conviction for possession of marijuana with intent to distribute.[1] He asserts that the trial court erred in denying his written request for a jury charge on the lesser included offense of misdemeanor possession of marijuana.[2] Finding no evidence that warranted a charge on the lesser offense, we affirm.

Law enforcement officers testified that on April 20, 2007, they followed a green Honda to a store parking lot. Some time later, a white Cadillac driven by Scott entered the parking lot and parked nearby. Scott got out, took a large black plastic garbage bag from the trunk, and returned to the driver's side of the Cadillac. Another man, Jamie Williams, exited the Honda and entered the front passenger side of the Cadillac. Several officers then approached the Cadillac. Two of them testified that they saw Scott displaying to Williams a clear bag containing green leafy material, which they believed to be marijuana, and Williams holding and counting an amount of United States currency. One of the officers also saw Scott holding the black garbage bag. The other officer saw the black garbage bag on the Cadillac's center console.

The officers placed Scott and Williams into custody, moved the two vehicles to another place in the parking lot, and searched the vehicles. The officers also searched Scott. They found $5,700 in the front passenger area and a black plastic garbage bag containing more than 2,300 grams of marijuana in the driver's area of the Cadillac. They also found $628 in Scott's pocket. And they found a blue backpack containing more than 1,100 grams of marijuana.[3]

Scott testified at trial that he did not go to the parking lot with the intent to sell marijuana but rather with the intent to purchase a small amount of marijuana, worth $10 to $20, from Williams. But Scott denied possessing this small amount of marijuana; when asked if Williams "ever [got] to give you the half ounce or whatever of marijuana you were trying to buy[,]" Scott testified, "No." Scott also denied possessing the larger amount of money. He denied any knowledge of the blue backpack. And he denied retrieving the black bag from his trunk, testifying instead that Williams brought a black bag into his car.

Scott made a written request to the court to charge the jury on

---

[1] OCGA § 16-13-30 (j) (1).

[2] See OCGA § 16-13-2 (b); *Ellison v. State*, 265 Ga. App. 446, 449 (3) (594 SE2d 675) (2004) (simple possession of marijuana is a lesser included offense of possession of marijuana with the intent to distribute).

[3] The record does not indicate where the officers found the blue backpack.

the lesser included offense of misdemeanor possession of marijuana. The court denied Scott's requested charge over his objection, on the ground that there was no evidence that Scott possessed the amount of marijuana required for the lesser charge, because Scott testified that he did not possess any marijuana at all and the officers testified that Scott possessed too high an amount for the lesser charge. The jury found Scott guilty of possession with intent to distribute marijuana, and the court denied Scott's motion for new trial.

"A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense."[4] This rule, however, "does not obviate the necessity that the evidence actually warrant the requested charge."[5] There was no evidence that Scott possessed only the one ounce or less of marijuana required for a finding that he was guilty of misdemeanor possession under OCGA § 16-13-2 (b). Instead, the state's evidence showed that Scott possessed a greater amount of marijuana, and Scott denied possessing any marijuana. Under these circumstances, the trial court did not err in refusing to charge the jury on the lesser included offense of misdemeanor possession of marijuana.[6]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 30, 2009.

*Brian Steel*, for appellant.
*Jewel C. Scott, District Attorney, James J. Lacy*, for appellee.

---

[4] *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994) (citation and punctuation omitted).

[5] *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994) (citations omitted).

[6] See *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997) (where evidence showed either commission of completed offense as charged or commission of no offense, trial court was not required to charge on lesser included offense). Cf. *Johnson v. State*, 296 Ga. App. 697, 699 (2) (675 SE2d 588) (2009) (trial court erred in refusing to give charge on lesser included offense of misdemeanor possession, where it was undisputed that defendant took possession of some amount of marijuana and there was evidence that amount was less than one ounce).