## A08A1178. JOHNSON v. THE STATE.
### (680 SE2d 675)

ADAMS, Judge.
David Lee Johnson appeals from the trial court's denial of his "Motion to Correct Illegal and Void Sentence."[1]

After a jury trial, Johnson was convicted on charges of rape, aggravated assault, possession of a knife during the commission of a crime and cruelty to children. Johnson was sentenced to life in prison for rape, twenty years in prison for aggravated assault, twenty years

---

[1] Although this Court initially dismissed this appeal for failure to follow discretionary appeal procedures the Supreme Court of Georgia reversed, holding that the denial of Johnson's motion was directly appealable.

in prison for cruelty to children, and five years for possession of a knife. Because the trial court also sentenced Johnson as a recidivist, all sentences were without the possibility of parole. This Court affirmed Johnson's conviction and sentence in *Johnson v. State*, 268 Ga. App. 1 (601 SE2d 392) (2004) (*Johnson I*), and in a later appeal affirmed the trial court's order denying Johnson's motion to void his sentence, which asserted that the indictment against him was defective. *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006) (*Johnson II*).[2]

In this appeal, Johnson asserts that his sentence was void because (1) the trial court erred in sentencing him on both the convictions for rape and aggravated assault, which he contends merged as a matter of fact and law; (2) the 20-year sentence on the charge of cruelty to children violated the ex post facto doctrine and exceeded the statutory limits in effect at the time of the offense; (3) the trial court erred in ordering that his sentence for possession of a knife during the commission of a felony should run consecutive to his punishment for cruelty to children; and (4) the trial court erred on a number of grounds in punishing him as a recidivist.

> The denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right. The only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void. A sentence is void if the court imposes punishment that the law does not allow.

(Citations and punctuation omitted.) *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008).

1. Johnson argues that the trial court erred in sentencing him for both aggravated assault and rape. "A judgment of conviction and a sentence imposed on [a] conviction are void if the offense is included as a matter of law or fact in another crime for which the defendant was convicted and sentenced." *Chester*, 284 Ga. at 162 (1). The State asserts that in considering this argument, we must apply the "required evidence" test adopted by our Supreme Court in *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006). Under that test, a single act may constitute an offense which violates more than one statute, "if each statute requires proof of an additional fact which the other does not." (Citation and punctuation omitted.) Id. at 215. Thus, a crime does not merge into another unless it is "established by proof of the same or less than all the

---

[2] The facts underlying this appeal are more fully set forth in *Johnson I*, and we will only recite the facts as needed to address Johnson's arguments.

facts" required to support the other offense. Id. at 217.

The crime of rape requires proof that the defendant had "carnal knowledge of . . . [a] female forcibly and against her will." OCGA § 16-6-1.

> Aggravated assault requires proof of certain aggravating circumstances and an assault. OCGA § 16-5-21. Assault requires showing either that the defendant attempted to injure someone, OCGA § 16-5-20 (a) (1), or that the victim was in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a) (2).

(Citation omitted.) *Kirkland v. State*, 282 Ga. App. 331, 332 (1) (638 SE2d 784) (2006).

Johnson was charged and convicted on two separate counts of aggravated assault. One count alleged aggravated assault with intent to rape under OCGA § 16-5-21 (a) (1) and the other alleged aggravated assault with a deadly weapon under OCGA § 16-5-21 (a) (2). The judge merged these two counts and sentenced Johnson only on the count of aggravated assault with intent to rape. By doing so, the trial judge rendered the conviction for aggravated assault with a deadly weapon void. See *Merritt v. State*, 288 Ga. App. 89, 91 (1) (653 SE2d 368) (2007) ("A conviction which is merged into another as a matter of fact or law is void."). Thus, we consider only whether the charges of rape and aggravated assault with intent to rape were subject to merger.

The evidence at trial established two separate incidents: Johnson initially forced his wife to have vaginal intercourse and then attempted unsuccessfully to force her into having anal intercourse. *Johnson I*, 268 Ga. App. at 1. But the State does not argue that the rape conviction is supported by the first incident and the assault conviction is supported by the latter. Rather, the State urges the application of the *Drinkard* test, which is used to determine whether a single act supports multiple convictions.[3] Moreover, the indictment alleges that Johnson committed aggravated assault with intent to rape "by holding a knife to [the victim's] throat and forcing her to have sex with him." The charge makes no reference to an incomplete sexual act or to any injury other than forcible sex. Thus, the issue before us is whether the initial incident of vaginal intercourse

---

[3] The record contains no response from the State to Johnson's motion, and the closing arguments are not included in the trial transcript, so we cannot determine whether the State took another position below with regard to the evidentiary support for these charges. We note, however, that the State did not elicit testimony regarding the second attempted assault during its direct examination of the victim. Rather, that information was elicited on cross-examination by the defense.

supports convictions for both rape and aggravated assault with intent to rape. We conclude that it does not, and we are constrained to agree with Johnson that the aggravated assault count merged with the rape count.

The requirement under the rape statute that a defendant have forcible carnal knowledge of the victim against her will is not a fact required under the aggravated assault statute. But as indicted in this case, aggravated assault could be proven in either of two ways, and the jury was charged on both methods. First, the assault could be established by proof that holding a knife at the victim's neck with the intent to rape placed her in reasonable apprehension of violent injury, a fact not necessary to prove rape.[4] Second, assault could also be proven by showing that Johnson attempted to injure the victim with the intent to have forcible carnal knowledge against her will. The State does not argue that we should consider any injury other than the rape, nor does the State point us to evidence of injuries arising from the assault that were not also attributable to the rape. Compare *Wilkinson v. State*, 298 Ga. App. 190, 196 (2) (679 SE2d 766) (2009) (where evidence pointed to injuries unique to each count, no merger occurred); *Rouse v. State*, 295 Ga. App. 61, 63-64 (1) (670 SE2d 869) (2008) (same). Therefore, while the rape statute requires proof of carnal knowledge, which the aggravated assault statute does not, the applicable aggravated assault statute does not necessarily *require* proof of any fact that is not also included in proof of rape, as it could be proven under the indictment in this case without regard to the victim's apprehension.[5] And in the absence of a special verdict, we cannot determine the basis for the jury's verdict on assault.

Accordingly, under the facts of this case, the aggravated assault with intent to rape charge merged with the rape charge, and the trial court erred in sentencing Johnson separately for aggravated assault. Compare *Williams v. State*, 295 Ga. App. 9, 14-15 (2) (b) (670 SE2d 828) (2008) (no merger occurred where charge of aggravated assault with intent to rape as indicted and proven involved actions separate and apart from the act of rape). Johnson's sentence for aggravated assault is thus vacated and the case remanded for resentencing, with directions to merge the aggravated assault count into the rape count.

2. Johnson was charged and convicted under OCGA § 16-5-70

---

[4] Indeed the victim testified that she gave into Johnson's demand for sex because she was scared that Johnson was going to hurt her.

[5] We note that the result may have been different had the judge sentenced Johnson on the count of aggravated assault with a deadly weapon, as that offense requires proof that a deadly weapon was used, a fact not required for a rape conviction. See *Middlebrooks v. State*, 289 Ga. App. 91, 93 (1) (656 SE2d 224) (2008) (counts of kidnapping and assault with a deadly weapon did not merge).

(b) of cruelty to children by maliciously causing a child under 18 years "cruel and excessive mental pain." The crimes in this case were committed in February 1999,[6] and the version of OCGA § 16-5-70 (b) in effect at the time defined the act of maliciously causing "a child under the age of 18 cruel or excessive physical or mental pain" as cruelty to children in the first degree. Ga. L. 1996, p. 1071, § 1. At that time, a person convicted of cruelty to children in the first degree was subject to punishment "by imprisonment for not less than five nor more than 20 years" under what was then subsection (c) of the statute. Ga. L. 1996, p. 1072, § 1. Because Johnson's 20-year sentence was within the range of punishment outlined in the applicable version of the statute for cruelty to children in the first degree, his sentence on this count is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Guice v. State*, 282 Ga. App. 747, 748 (2) (639 SE2d 636) (2006). Although the legislature approved an amendment to the statute on April 22, 1999, that amendment did not alter either the definition or punishment for cruelty to children in the first degree. Ga. L. 1999, pp. 386-387, §§ 6, 9. Thus, Johnson's argument regarding ex post facto law is without merit.

3. Johnson next argues that the trial court erred in running his sentence for possession of a knife during the commission of a felony under OCGA § 16-11-106 consecutive to both his sentences for rape and his sentence for cruelty to children, which itself runs consecutive to the sentence for rape. The possession charge was based upon the underlying felonies of rape and aggravated assault and not upon the charge of cruelty to children. Johnson asserts that the sentence is void because a sentence for possession can only run consecutive to the underlying felony charged in the indictment, and not to any other charge.[7]

Although Johnson relies upon the Supreme Court of Georgia's opinion in *Busch v. State*, 271 Ga. 591, 595 (523 SE2d 21) (1999), to support this argument, his analysis misconstrues that decision. *Busch* does not hold that a possession sentence can run consecutively *only* to the sentence on the underlying felony. Rather, that case held that under OCGA § 16-11-106 a possession sentence *must* run consecutively, not concurrently, to the sentence for the underlying felony for that charge, but this mandate applies only to the underlying felony, not to any other charges. See *Braithwaite v. State*, 275

---

[6] We note that this Court's prior opinion in *Johnson I* mistakenly provides that these crimes were committed in February 2001. 268 Ga. App. at 1. But the indictment in this case alleges that the crimes were committed in February 1999, and Johnson was convicted of these crimes in May 1999.

[7] Contrary to the State's argument in its appellate brief, this enumeration has absolutely nothing to do with recidivist sentencing.

YALE LAW LIBRARY

Ga. 884, 889 (9) (572 SE2d 612) (2002). The *Busch* decision recognized that the trial court retains broad discretion to determine whether the sentence for possession will also run consecutively to the sentences for any other convictions or whether it will run concurrently with such sentences. Id.; *Busch*, 271 Ga. at 595. Thus, for example, both the Supreme Court and this Court, relying upon *Busch*, have affirmed a trial court's discretion to run multiple possession counts consecutively to one another, as well as to their underlying felonies. *Braithwaite*, 275 Ga. at 888-889 (9); *Pennymon v. State*, 261 Ga. App. 450, 454-455 (6) (582 SE2d 582) (2003). Accordingly, the trial court in this case acted within its discretion in running the possession charge consecutively to both the rape charge and the charge of cruelty to children, and no error occurred.

4. Johnson raises a number of arguments attacking the imposition of recidivist punishment in this case under OCGA § 17-10-7 (c), which resulted in his various sentences being served without parole. The State relied upon three prior felony convictions in support of its request for recidivist sentencing: (1) a 1993 Georgia conviction for violations of Georgia's Controlled Substances Act; (2) a 1998 Alabama conviction for theft of a motor vehicle; and (3) a 1991 Georgia burglary conviction. Johnson challenges the validity of those prior convictions on a number of grounds. "Without three prior felony convictions, imposing a recidivist sentence on [a defendant] pursuant to OCGA § 17-10-7 (c) is imposing a sentence that the law will not allow, and a challenge to such void sentence cannot be waived by the failure to object." (Citation and punctuation omitted.) *Swan v. State*, 276 Ga. App. 827, 830 (2) (625 SE2d 97) (2005).

(a) In arguing that his recidivist sentence is void, Johnson attacks each of the indictments from his prior three convictions. He takes issue with the indictment in the Georgia drug case because, although it refers to Johnson by his correct name, David Lee Johnson, on the cover page and uses the correct surname thereafter, it refers to the defendant as "*Donald* Lee Johnson," on the following pages in connection with the specific charges. Johnson also asserts that the indictment for the Alabama motor vehicle theft conviction was invalid because it failed to specifically allege that the crime occurred in the county bringing the charge. And he attacks the indictment for the Georgia burglary conviction because it did not specifically track the language of OCGA § 16-7-1 by describing the storage building at issue as a "dwelling place." Pretermitting whether a collateral attack is even available on such grounds, these arguments do not support a motion to correct a void recidivist sentence.

Johnson alleges a facial defect in each of the indictments for the underlying offenses, and thus his motion on this ground is cogni-

zable, if at all, as a motion in arrest of judgment. OCGA § 17-9-61 (a). In Georgia, however, motions in arrest of judgment are required to be filed within the same term of court in which a judgment is entered. See OCGA § 17-9-61 (b); *Mitchell v. State*, 282 Ga. 416, 418 (3) (651 SE2d 49) (2007); *Johnson II*, 281 Ga. App. at 401. Alabama also places a time restriction on such motions. See *Ex parte Seymour*, 946 S2d 536, 537 (II) (Ala. 2006); Ala. R. Crim. App. R. 32.2. The motion in this case is far outside the applicable time restrictions for raising such issues, and there is no evidence that Johnson timely filed either demurrers, motions in arrest of judgment or any other objection to these indictments in the underlying proceedings. Therefore, his attempt to collaterally attack these indictments fails, and we are not required to address the merits of his arguments. See *Mitchell*, 282 Ga. at 418 (3); *Johnson II*, 281 Ga. App. at 401.

(b) Johnson also argues that the Alabama motor vehicle theft conviction should not have been considered for recidivist sentencing under OCGA § 17-10-7 because his sentence was later suspended. The recidivist statute requires that a defendant have been "convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony *and sentenced to confinement in a penal institution. . . .*" (Emphasis supplied.) OCGA § 17-10-7 (a). Johnson argues under this language that the suspension of his sentence somehow renders it ineligible for consideration under OCGA § 17-10-7. But Johnson concedes that he was sentenced to ten years confinement for the Alabama conviction, and we find nothing under OCGA § 17-10-7 that requires a defendant so sentenced to actually serve any part of that sentence. Accordingly, this enumeration is without merit.

*Judgment affirmed, sentence vacated in part and case remanded for resentencing. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 1, 2009.

David L. Johnson, *pro se.*
*Herbert E. Franklin, Jr., District Attorney*, for appellee.