# Court of Appeals
# of the State of Georgia

ATLANTA,   May 09, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1436.  JOHNSON v. STATE.**

The State has moved to dismiss Johnson's appeal, complaining that he has filed "a veritable flood of appeals, motions, grievances, complaints and demands upon [this] office since his conviction . . . . At some point this must cease." We note that Johnson has indeed filed numerous appeals in this court alone. See *Johnson v. State*, 268 Ga. App. 1 (601 SE2d 392) (2004); *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006); *Johnson v. State*, 298 Ga. App. 639 (680 SE2d 675) (2009); unpublished opinions and orders in Case Nos. A03A2137, A07A1591, and A09A1147.  All these appeals arise from the same conviction for rape, aggravated assault, possession of a knife during the commission of a crime, and cruelty to children.

The State cites no authority in its motion, but we note that a remedy for frivolous pro se criminal appeals is found in OCGA § 42-12-7.2:

> In no event shall a prisoner file any action in forma pauperis in any court of this state if the prisoner has, on three or more prior occasions while he or she was incarcerated or detained in any facility, filed any action in any court of this state that was subsequently dismissed on the grounds that such action was frivolous or malicious, unless the prisoner is under imminent danger of serious physical injury.

Of the actions Johnson has filed in this court, one was dismissed for lack of

jurisdiction, one was dismissed because there were "no circumstances under which Johnson could legally be entitled to yet another direct appeal to this court," and a third, while technically affirmed, was found to be completely without merit both here and in the trial court. 281 Ga. App. at 402. While we did not in each order or opinion use the words "frivolous" or "malicious," "[i]t is not that the magic words are spoken, but what is said and done irrespective of the magic words. We have long ago departed that realm of law where runes and sigils supplant reason and substance." (Citations and punctuation omitted.) *Collier v. State*, 282 Ga. App. 605, 607 (639 SE2d 405) (2006).

In the appeal before us, which was originally filed in the Georgia Supreme Court but transferred here, Johnson raises *for the first time* the contention that OCGA § 24-9-23 (b), an exception to the spousal testimonial privilege, is unconstitutional. But his constitutional challenge is untimely, "because such a challenge must be made at the first opportunity, and it is too late to do so after a guilty verdict has been returned by the jury. Consequently, this challenge must be deemed waived on appeal." (Citation and punctuation omitted.) *Brown v. State*, 285 Ga. 772, 773 (1) (683 SE2d 581) (2009). Moreover, Johnson has abandoned this argument by failure to raise or argue it in any of his six previous appeals. *Dewberry v. State*, 294 Ga. App. 358, 359 (670 SE2d 150) (2008) ("failure to enumerate errors upon a first appeal waives the right to enumerate them later.") In several previous appeals, Johnson has been informed by this court that failure to raise an issue in a timely fashion forecloses appellate review. See, e.g., 298 Ga. App. at 644-645 (4) (a); 281 Ga. App. at 402.

For these reasons, we find that the appeal before us is frivolous because "the law is indisputably clear concerning the issue[] raised on appeal," *Golden Atlanta Site Dev. v. R. Nahai & Sons,* 299 Ga. App. 654, 655 (1) (b) (683 SE2d 627) (2009) (appeal found "frivolous" under Court of Appeals Rule 15 (b)), and Johnson "could

have no reasonable basis for anticipating reversal of the trial court's judgment. [Cits.]" *Trevino v. Flanders*, 231 Ga. App. 782, 783 (2) (501 SE2d 13) (1998) (same).

The State's motion to dismiss is therefore GRANTED. We also instruct the Clerk of this Court, pursuant to OCGA § 42-12-7.2, to accept no further filings in forma pauperis from David L. Johnson.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 05/09/2012
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 , *Clerk.*