**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 26, 2013**

# In the Court of Appeals of Georgia

A13A1647. WIGGINS v. THE STATE.

ANDREWS, Presiding Judge.

Reginald Wiggins appeals from the judgment of conviction entered on a jury verdict finding him guilty of the charge of possession of marijuana with intent to distribute. Wiggins contends that there was insufficient evidence to support the guilty verdict, and that the trial court erred by imposing a Fourth Amendment waiver as a condition of the probation portion of his sentence. For the following reasons, we find no error and affirm.

1. Wiggins contends there was insufficient evidence to sustain his conviction on the charge of possession of marijuana with intent to distribute, arguing that the

evidence was insufficient to prove he possessed marijuana or intended to distribute it.

Wiggins was stopped in his vehicle by Albany Police Department officers after they saw him run a stop sign. At the traffic stop, the officers discovered that Wiggins was wanted on a probation warrant and detained him. After detaining him, Officer Flowers conducted an initial pat-down type search of Wiggins who was wearing multiple layers of clothing, including blue jeans and an "overall jumpsuit." No contraband was found on Wiggins in this search. Wiggins was then handcuffed, placed in the back of Flowers's patrol car, and transported to jail. A more through strip-search of Wiggins was conducted at the jail, which also produced no contraband.

After transferring Wiggins to the custody of deputies at the jail, Flowers inspected the back of his patrol car and removed the backseat. When he removed the backseat, Flowers found a plastic bag containing seven smaller plastic bags which each contained suspected marijuana. Evidence showed that Flowers had inspected the backseat area of the car prior to transporting Wiggins, found nothing, and had not transported anyone else except Wiggins after the inspection. Another officer testified that, depending on the clothing being worn by a suspect, it was not uncommon for items on the suspect's person to be missed by an initial pat-down search.

Similar transaction evidence of two prior arrests was entered at trial. Wiggins was previously arrested in April of 2003 and charged with possession of marijuana with intent to distribute after officers smelled marijuana coming from his car. When Wiggins was arrested, scales and marijuana were found in his car. After police transported Wiggins to jail in the backseat of a patrol car, marijuana was found in the backseat of the car. Marijuana was also found in Wiggins's underwear at the jail. Wiggins was again arrested in November of 2003 and charged with possession of marijuana with intent to distribute after officers found 23 baggies of marijuana in Wiggins' pants in his crotch area. Wiggins pled guilty on both occasions. The State also produced testimony from a police officer certified as a marijuana examiner, who testified that the substance in the bags found in the backseat of Flowers's police car tested positive for marijuana. The State produced testimony from two police officers, including an officer experienced in drug transactions, that packaging of marijuana in multiple bags was indicative of an intent to sell or distribute the marijuana.

Wiggins denied possessing the marijuana found in the back of the patrol car, and testified that he saw Officer Flowers remove items from the backseat of the patrol car and place them in the trunk before seating him in the rear of the car. Officer

Flowers testified that he did not recall removing any item from the backseat before transporting Wiggins.

"No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." OCGA § 16-1-5. Where the sufficiency of the evidence is challenged, this Court reviews the evidence in a light most favorable to the verdict, deferring to the jury's assessment of the credibility of the evidence; a defendant is entitled to reversal of a conviction if no rational trier of fact could find beyond a reasonable doubt that the defendant committed the elements of the offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Furthermore, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." former OCGA § 24-4-6.

Applying these standards, we conclude that the evidence was sufficient to allow the jury to find that Wiggins was in possession of the marijuana when he was pat-down searched by the officer prior to being transported in the backseat of the patrol car, but the pat-down failed to discover the marijuana on his person; and that, while Wiggins was being transported in the car, he placed the marijuana behind or under the backseat. Additional evidence that the marijuana found in the backseat area

4

of the car was packaged in seven individual bags was sufficient to allow the jury to find that Wiggins possessed the marijuana with intent to distribute. Along with the similar transaction evidence, the evidence was sufficient to allow the jury to find that the proved facts were consistent with Wiggins's guilt on the charged offense and excluded every reasonable hypothesis save that of guilt; and that Wiggins was guilty beyond a reasonable doubt of the felony offense of possession of marijuana with intent to distribute in violation of OCGA § 16-13-30 (j).[1] *Jackson v. Virginia*, supra; former OCGA § 24-4-6.

2. Wiggins contends that the trial court erred by imposing a Fourth Amendment waiver as a condition of the probation portion of his sentence.

---

[1] Wiggins also contends that, because the State presented no evidence that the weight of the marijuana was greater than one ounce (and in fact presented no evidence at all as to the weight of the marijuana), judgment should have been entered and sentence imposed for a misdemeanor instead of a felony. We disagree. Under OCGA § 16-13-30 (j) (2), "[e]xcept as otherwise provided in subsection (c) of Code Section 16-13-31 or in Code Section 16-13-2, any person who violates this subsection [by possessing marijuana with intent to distribute] shall be guilty of a felony. . . ." The trafficking provisions of OCGA § 16-13-31 are not applicable in this case. Although OCGA § 16-13-2 (b) provides that possession of one ounce or less of marijuana is a misdemeanor, the separate offense of possession of marijuana with intent to distribute (as set forth in OCGA § 16-13-30 (j) (1)) is a felony which does not require proof of the quantity of marijuana. See *State v. Jackson*, 271 Ga. 5 (515 SE2d 386) (1999); *Johnson v. State*, 296 Ga. App. 697, 698 (675 SE2d 588) (2009).

"A sentence is void if the court imposes punishment that the law does not allow." *Johnson v. State*, 298 Ga. App. 639, 640 (680 SE2d 675) (2009) (punctuation and citation omitted). At the sentencing hearing, at which Wiggins was represented by counsel, the trial court informed Wiggins that waiver of his Fourth Amendment right to be free from unreasonable searches and seizures was a condition of his probation. Neither Wiggins nor his counsel objected. Under these circumstances, Wiggins impliedly consented to a waiver of his Fourth Amendment rights, and the waiver was a valid condition of his probation sentence. *Johnson v. State*, 248 Ga. App. 454, 455 (546 SE2d 562) (2001).

*Judgment affirmed. Dillard and McMillian, JJ., concur.*