# Court of Appeals
# of the State of Georgia

ATLANTA,___August 24, 2015___

*The Court of Appeals hereby passes the following order:*

**A15A2285.  DAVID JOHNSON v. THE STATE.**

David Lee Johnson was convicted of rape and other crimes and sentenced as a recidivist to life without parole.  We affirmed his convictions on appeal.  *Johnson v. State*, 268 Ga. App. 1 (601 SE2d 392) (2004).  Johnson has filed a number of pro se, post-judgment motions in the trial court, as well as multiple appeals here.  See *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006) (affirming denial of motion to vacate void sentence); *Johnson v. State*, Case No. A07A1591 (decided May 9, 2007) (appeal from denial of motion for out-of-time appeal dismissed for lack of jurisdiction);  *Johnson v. State*, 298 Ga. App. 639 (680 SE2d 675) (2009) (vacating sentence in part because two convictions should have merged); *Johnson v. State*, Case No. A12A1436 (decided May 9, 2012) (appeal from denial of motion in arrest of judgment dismissed as frivolous).  *Johnson v. State*, Case No. A14A0935 (decided February 7, 2014 (appeal from denial of motion for out-of-time appeal dismissed for lack of jurisdiction).  This latest appeal stems from the trial court's denial of a second motion to vacate void sentence.

A direct appeal may lie from the denial of a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Johnson argues that the trial court imposed an unlawful sentence by sentencing

him to the maximum sentence without the benefit of parole. Because Johnson had three prior felony convictions, OCGA § 17-10-7 (c) authorized the imposition of the maximum sentence without eligibility for parole until the maximum sentence is served. Thus, Johnson's challenge to his sentence does not constitute a valid void sentence claim. Johnson also challenges his sentence on the ground that he was denied a pre-trial sentencing hearing. However, as explained above, challenges to the procedure employed do not constitute colorable void sentence claims. See *Coleman*, supra. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,*  08/24/2015

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

               *, Clerk.*