# Court of Appeals
# of the State of Georgia

ATLANTA,  September 30, 2024

*The Court of Appeals hereby passes the following order:*

**A25E0021. DAVID L. JOHNSON v. DON THOMPSON et al.**

Inmate David Johnson, a frequent filer, has filed an original mandamus petition with this Court. In his mandamus petition, Johnson alleges that the trial court has failed to rule on his petition to correct sentence and amended petition to correct sentence.[1] He requests that we vacate and set aside his "judgment/sentence" and direct the trial court to grant him the relief he sought in those motions: that is, to consider probating a portion of his sentence and to "merge" his offenses for aggravated assault and rape, rather than only vacating his sentence for aggravated assault. We conclude, however, that this is not an appropriate case for original mandamus relief by our Court.

---

[1] After a jury trial, Johnson was convicted of multiple offenses and was sentenced as follows: life in prison for rape (Count 1), twenty years in prison for aggravated assault (Count 2, into which Count 3 merged), twenty years in prison for cruelty to children (Count 4), and five years in prison for possession of a knife during the commission of a crime (Count 5). See *Johnson v. State*, 268 Ga. App. 1, 2 (601 SE2d 392) (2004). As a recidivist, Johnson was not eligible for parole, and his sentences for rape, cruelty to children, and knife possession were to run consecutively. Id. We affirmed his convictions on appeal. Id.

In a subsequent proceeding, we agreed with Johnson that the trial court erred by imposing a separate sentence for aggravated assault; thus, we vacated the sentence for that count and remanded the case for resentencing, with directions for the trial court to merge the aggravated assault count into the rape count. *Johnson v. State*, 298 Ga. App. 639, 642 (1) (680 SE2d 675) (2009). On remand, in August 2009, the trial court entered an Order Amending Sentence in which it "vacated" Johnson's aggravated-assault sentence. Thirteen years later, in August 2022, Johnson filed a Petition to Correct Sentence, arguing that by vacating his sentence for aggravated assault, the trial court failed to follow our direction to "merge" the aggravated-assault count into the rape count. A year later, in July 2023, Johnson filed an amended petition, arguing that the trial court should consider probating his remaining sentence.

Appellate courts have mandamus authority in aid of their jurisdiction,[2] but the need to resort to the appellate courts for such relief is "extremely rare" because the superior courts of this state "have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction[.]"[3] This is not one of the extremely rare cases in which this Court will exercise original mandamus jurisdiction. As we have previously explained, the procedure to be followed before seeking to invoke this Court's original jurisdiction is "to file such petition [for mandamus relief] in the appropriate lower court."[4] Notably, although Johnson alleges that he attempted to file a mandamus petition in the superior court and that the clerk of the court refused to file it, he has not asked us to order any particular relief with respect to any such petition.[5] Instead, he requests only that we order the trial court to take various actions with respect to the motions he has filed below. Under these circumstances, there is no basis for this Court to exercise jurisdiction. Accordingly, this petition for writ of mandamus is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/30/2024_____

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[2] See Ga. Const. of 1984, Art. VI, Sec. I, Par. IV ("Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts and state-wide business court shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction.").

[3] (Citation and punctuation omitted). *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019).

[4] (Punctuation omitted.) Id.

[5] Additionally, the materials Johnson submitted in support of his petition to this Court do not establish that any such mandamus petition has actually been presented for filing to the superior court.