# Court of Appeals
# of the State of Georgia

ATLANTA, <u>November 27, 2024</u>

*The Court of Appeals hereby passes the following order:*

## A25A0689. DAVID L. JOHNSON v. THE STATE.

In 1999, a jury found David Johnson guilty of rape, felony cruelty to children, and other offenses, and the trial court sentenced him as a recidivist to life in prison without the possibility of parole. We affirmed his convictions and sentences on appeal. *Johnson v. State*, 268 Ga. App. 1 (601 SE2d 392) (2004). Following a later appeal, the trial court entered an amended sentence in August 2009.

Johnson has filed a number of post-judgment motions in the trial court, as well as multiple appeals in this Court. See *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006) (affirming denial of motion to vacate a void sentence); *Johnson v. State*, Case No. A07A1591 (May 9, 2007) (dismissing appeal from denial of motion for an out-of-time appeal); *Johnson v. State*, Case No. A12A1436 (May 9, 2012) (appeal from denial of motion in arrest of judgment, dismissed as frivolous); *Johnson v. State*, 298 Ga. App. 639 (680 SE2d 675) (2009) (vacating sentence in part and otherwise affirming denial of motion to correct a void sentence); *Johnson v. State*, Case No. A14A0935 (Feb. 7, 2014) (dismissing appeal from denial of another motion for an out-of-time appeal); *Johnson v. State*, Case No. A15A2285 (Aug. 24, 2015) (dismissing appeal from denial of another motion to vacate a void sentence); *Johnson v. State*, Case No. A19D0166 (Nov. 19, 2018) (denying application for discretionary review of denial of extraordinary motion for a new trial).

In August 2022, Johnson filed a "Petition to Correct Sentence," which he amended in July 2023. The trial court denied the petition in September 2024, and Johnson filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). Id.; see *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In his Petition to Correct Sentence, as amended, Johnson argued that: (i) the trial court erred by failing to merge two of his convictions; (ii) under the rule of lenity, the trial court should have imposed a misdemeanor sentence for his cruelty to children conviction; (iii) under a 2023 amendment to OCGA § 17-10-7 (a), the trial court must consider probating or suspending portions of his sentences; and (iv) because the State sought to sentence him as a recidivist, he was subject to a maximum sentence of 20 years in prison.

Johnson's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). To the extent that Johnson's petition could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an

order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Johnson's arguments regarding the rule of lenity and OCGA § 17-10-7 (a) have no bearing on whether his sentences fall within the statutory ranges of punishments for the offenses of which he was convicted and therefore also do not state colorable void-sentence claims. See *von Thomas*, 293 Ga. at 572 (2); *Jones*, 278 Ga. at 670; *Frazier*, 302 Ga. App. at 348.

Finally, Johnson's contention that he was subject to a maximum sentence of 20 years in prison is misplaced. This claim implicates only his rape conviction — for which the trial court imposed a sentence of life in prison without the possibility of parole — as the court imposed sentences of no more than 20 years for his remaining convictions. Johnson committed the acts underlying his rape conviction in February 1999. The statute criminalizing rape in effect at that time provided that "[a] person convicted of the offense of rape shall be punished by death, by imprisonment for life, or by imprisonment for not less than ten nor more than 20 years." OCGA § 16-6-1 (b) (1997); see *Reed v. State*, 352 Ga. App. 30, 31, n. 1 (833 SE2d 712) (2019) (a criminal defendant must be sentenced according to the sentencing law in effect at the time the crime was committed). And contrary to Johnson's argument, nothing in the statutes governing punishment of repeat offenders in effect at that time limited the trial court's authority to impose a sentence of life without parole for a rape conviction. See OCGA §§ 17-10-6.1 (1998); 17-10-7 (1994); *Reed*, 352 Ga. App. at 31, n. 1. This contention therefore also does not raise a colorable void-sentence claim.

For the above reasons — and pretermitting whether any of our decisions in Johnson's prior appeals render his current claims barred by the law of the case doctrine — he is not entitled to a direct appeal here. See *Roberts*, 286 Ga. at 532; *Frazier*, 302 Ga. App. at 348-349; see also generally *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and

punctuation omitted). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts*, 286 Ga. at 532; *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __11/27/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*