# Court of Appeals
# of the State of Georgia

ATLANTA, September 16, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0053. DAVID L. JOHNSON v. JUDGE DON W. THOMPSON, LOOKOUT MOUNTAIN JUDICIAL CIRCUIT.

In 1999, a jury found David Johnson guilty of rape, felony cruelty to children, and other offenses, and the trial court sentenced him as a recidivist to life in prison without the possibility of parole. We affirmed his convictions and sentences on appeal. *Johnson v. State*, 268 Ga. App. 1 (601 SE2d 392) (2004). Following a later appeal, the trial court entered an amended sentence in August 2009.

Johnson has filed a number of post-judgment motions in the trial court, as well as multiple appeals in this Court. See *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006) (affirming denial of motion to vacate a void sentence); *Johnson v. State*, Case No. A07A1591 (May 9, 2007) (dismissing appeal from denial of motion for an out-of-time appeal); *Johnson v. State*, 298 Ga. App. 639 (680 SE2d 675) (2009) (vacating sentence in part and otherwise affirming denial of motion to correct a void sentence); *Johnson v. State*, Case No. A12A1436 (May 9, 2012) (appeal from denial of motion in arrest of judgment, dismissed as frivolous); *Johnson v. State*, Case No. A14A0935 (Feb. 7, 2014) (dismissing appeal from denial of another motion for an out-of-time appeal); *Johnson v. State*, Case No. A15A2285 (Aug. 24, 2015) (dismissing appeal from denial of another motion to vacate a void sentence); *Johnson v. State*, Case No. A19D0166 (Nov. 19, 2018) (denying application for discretionary review of denial of extraordinary motion for a new trial); *Johnson v. State*, Case No. A25A0689 (Nov. 27, 2024) (dismissing appeal from petition to correct sentence).

Johnson later filed a petition for a writ of mandamus, which the trial court denied as moot and untimely on March 3, 2025. On April 8, 2025, Johnson filed an application for discretionary review of the March 3 order. We dismissed that untimely application for lack of jurisdiction. *Johnson v. Thompson*, Case No. A25D0356 (Apr. 29, 2025); see OCGA § 5-6-35 (d). On August 13, 2025, Johnson filed another application for discretionary review, again seeking to appeal the March 3 order denying his mandamus petition.[1] We again lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Johnson's current application is untimely, as it was filed more than five months after entry of the order he seeks to appeal. Consequently, and pretermitting whether it suffers from other jurisdictional defects, this untimely application is hereby DISMISSED for lack of jurisdiction.

To the extent that Johnson's current application may be read to seek a writ of mandamus from this Court, his remedy was to seek such relief in the trial court in the first instance, and, if that request was denied — as it was here — to then seek appellate review in this Court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832 (1984) (the procedure to be followed before invoking an appellate court's original mandamus jurisdiction is to file a petition in the superior court and appeal any resulting adverse decision to the appellate court), disapproved in part on other grounds, *Arnold v. Alexander*, 321 Ga. 330, 336 (1) & n. 7 (914 SE2d 311) (2025); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's [jurisdiction to grant mandamus relief] must first petition the superior court for such relief."), disapproved in part on other grounds, *Arnold*, 321 Ga. at 336 (1) & n. 7. Having availed

---

[1] Johnson has not included a copy of his mandamus petition with his application materials, in violation of Court of Appeals Rule 31 (e).

himself of that remedy, he cannot now avoid the deadlines for seeking appellate review by re-framing his request therefor as seeking to invoke this Court's original mandamus jurisdiction. See generally *Cook v. State*, 141 Ga. App. 241, 242 (233 SE2d 60) (1977) ("One cannot do indirectly what the law says may not be done directly."); accord *State v. Darby*, 284 Ga. 271, 274 (3) (663 SE2d 160) (2008). Consequently, to the extent that Johnson seeks a writ of mandamus from this Court, any such request is hereby DENIED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 09/16/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*